(40 App. Div. 214.)

PEOPLE ex rel. LAWTON v. CLARK et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

1. MANDAMUS—PLEADINGS.
     Allegations in defendants' affidavits must, on application for peremptory writ of mandamus, be taken as true.

2. SAME—STREET GRADES.
     The grade of a street is within the discretion of the municipal authorities, so that they cannot be compelled by mandamus to exercise that discretion in a particular direction.

Appeal from special term.

Mandamus proceedings, on the relation of J. Warren Lawton, against Henry S. Clark, president, and Herbert A. Quackenbush and others, trustees of the village of New Rochelle. From an order denying a peremptory writ, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George Bell (Roger A. Pryor, on the brief), for appellant.

J. Addison Young, for respondents.

PER CURIAM. The affidavits on behalf of the village allege that no part of the land lying in the line of the street at its intersection with the railroad track was conveyed to it by the deed. On an application for a peremptory writ of mandamus, this allegation must be taken as true. If such be the case, then the village, by its acceptance of the deed from the relator and his co-owners, did not assume any obligation to carry the street across the railroad track. Even if such obligation were assumed, as it would proceed from contract, and not from law, we doubt very much whether its performance could be enforced by mandamus. Further, the municipality has the power at any time to change the grade of the streets lying within its limits. If we should compel it to elevate the grade of this street, there is no reason why, immediately on the completion of the work, it might not lower the grade again to the present elevation. We think the grade of the street is a matter resting within the discretion of the municipal authorities, and the courts cannot, by mandamus, compel them to exercise that discretion in any particular direction.

The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements.